THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* WILLIAM C. RUSCH, Appellant.

(No. 71-53; )

Second District—December 27, 1971.

*Rehearing denied February 22, 1972.*

Michael T. Caldwell, of Woodstock, for appellant.

William J. Cowlin, State's Attorney, of Woodstock, (Samuel J. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was originally convicted of driving on a suspended or revoked license and failing to reduce speed to avoid an accident. On August 14, 1969, he was released upon probation. One of the conditions of his release obviously being that he was not to drive a motor vehicle during his probation. Apparently the probation order did not alter the defendant's desire to drive an automobile and on April 24, 1970, he was again charged with driving a motor vehicle with a suspended or revoked license. He was not prosecuted on the April 24, 1970, charge but rather it was used as the basis for the petition for revocation of the probation previously granted. A revocation petition was filed in the original proceedings and the defendant likewise filed another petition for release on probation. The petition for revocation and the petition for another probation were consolidated and heard on October 2, 1970. On October 16th, 1970, the defendant's new petition for release on probation was denied, his probation was revoked and following a hearing in aggravation and mitigation the defendant was sentenced to serve 90 days in the State Farm at Vandalia. The defendant was released on bond pending this appeal.

The defendant has presented two issues to this court for review, the first being that the trial court abused its discretion in revoking his probation. Defendant points out that the statutory provision pertaining to probation is found in Ill. Rev. Stat. 1969, ch. 138, par. 117—1. An examination of those provisions is most interesting. The first is that the defendant is not likely to commit another offense. In this case the defendant has in

fact committed exactly the same offense after being released upon probation. The second statutory provision found is that public interest does not require the defendant to receive the penalty. An extended hearing was had in aggravation and mitigation and we find that from 1957 to August 14, 1969, the date the defendant was originally placed on probation, the defendant had been convicted on seven charges of speeding, three other traffic offenses, was involved in one collision, had been convicted twice of driving while intoxicated, and his license had been suspended four times by the Secretary of State. The public interest of this State certainly requires the penalty and a substantial penalty for such flagrant violations of the motor vehicle laws of this State. The third statutory provision pointed out by the defendant in section 117—1 above provides that a person may be admitted to probation where the rehabilitation of the defendant does not require that he receive the penalty provided. Defendant's counsel states that the rehabilitation of the defendant here does not require that he receive the penalty. After a total of at least twelve serious motor vehicle violations ranging from speeding to driving while intoxicated, and notwithstanding this, the granting of probation to the defendant, does not in any way indicate that the rehabilitation could or should be accomplished without the penalty being imposed.

■■ The second contention of the defendant is that the sentence imposed, 90 days in the State Farm at Vandalia, is excessive. The maximum penalty that may be imposed under Ill. Rev. Stat. (1969), ch. 95½ par. 6—303 is one year in jail. In view of the above record and in veiw of the violation of probation by the commission of exactly the same offense, to-wit: the driving of a motor vehicle while license is suspended, the penalty imposed of 90 days is not only not excessive but also most lenient under the facts in this case. Section 6—303, *supra,* provides for a mandatory jail sentence of at least seven days while driving while a license is suspended or revoked. Apparently the legislature of this State felt that this offense was serious enough to warrant a jail sentence in the first instance. In the instant case the defendant here committed the second offense in addition to the many other motor vehicle violations. The record does not disclose that he even received the seven day sentence in jail for the first offense.

Judgment affirmed.

MORAN, P. J., and ABRAHAMSON, J., concur.