THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BERNARD DAVIS, Defendant-Appellant.

Fifth District   No. 5—84—0539

Opinion filed September 26, 1985.

Randy E. Blue and Kim G. Noffke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gerald A. Sims, Jr., State's Attorney, of Pinckneyville (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Bernard Davis, was charged by information with residential burglary and felony theft. During trial on these charges, defendant's counsel requested and received a jury instruction on misdemeanor theft. The jury subsequently returned a verdict of guilty on misdemeanor theft but not guilty on residential burglary and felony theft. After the jury was discharged, the State gave defendant notice of its intention to enhance the misdemeanor theft to a Class 4 felony on the basis of a prior theft conviction. (See Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(1).) Defense counsel's timely objection to the enhancement on the ground that defendant was prejudiced by lack of timely notice of enhancement was rejected at the sentencing hearing. The defendant did not dispute his prior theft conviction and was sentenced to a term of imprisonment of three years.

Defendant contends on appeal that reversal and remand of this cause for a new trial is required because of the State's failure to inform him of its intention to enhance the misdemeanor theft to a Class 4 felony prior to instructing the jury. Specifically, defendant urges that with such notice he would not have submitted the misdemeanor theft instruction and, consequently, would have been acquitted of all charges.

The circumstances surrounding the offense were shown by the evidence to be as follows: On or about March 22, 1984, the residence of James Fiorino at 10 North Maple Street in DuQuoin was burglarized. According to Mr. Fiorino, the items taken in the burglary included an antique wire recorder (estimated value $350), an antique record player (estimated value $15), a trumpet (estimated value $50), and a pocket calculator (estimated value $15).

On March 23, 1984, Gary Vancil, owner of Cook's Buy and Sell in DuQuoin, bought the stolen trumpet from 16-year-old Jimmy Robinson for $14. Vancil observed defendant standing outside the door during this transaction. After Vancil verified that the trumpet was stolen, he contacted the police. Robinson was found the same day and taken into custody.

Jimmy Robinson testified that the defendant asked him to sell the

trumpet and that after he sold the trumpet, he gave defendant the proceeds from the sale. According to Robinson, the defendant admitted that he had stolen the trumpet and several other items from a house on Maple Street.

DuQuoin police officer Gary Darnell testified that he arrested Jimmy Robinson after Vancil identified Robinson as the person who sold him the stolen trumpet. After interrogating Robinson, Darnell arrested the defendant. After his arrest, defendant directed Darnell to a location where the previously mentioned stolen items, with the exception of the trumpet, were found. The defendant told Darnell that even though he believed it was stolen, he had taken possession of this property because David Jones asked him to hide it for him.

■ There is only one offense of theft under section 16—1 of the Criminal Code of 1961. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1.) Although value of the stolen property is not a material element of the offense of theft, value must be set by the jury so that the defendant may properly be sentenced. (*People v. Jackson* (1984), 99 Ill. 2d 476, 479, 459 N.E.2d 1362, 1363.) Thus, the value specifically has been exempted from the general rule that sentencing matters are, with certain legislative restrictions, left to the trial court's discretion. *People v. Barney* (1982), 111 Ill. App. 3d 669, 679, 444 N.E.2d 518, 525.

■■ Conversely, the invocation of the enhancement provisions of the theft statute is specifically and exclusively a sentencing matter. In *People v. Hayes* (1981), 87 Ill. 2d 95, 98, 429 N.E.2d 490, 491-92, our supreme court held that to invoke the analogous enhancement provision of the retail theft statute (Ill. Rev. Stat. 1983, ch. 38, par. 16A—10(2)), the sentencing court must find beyond a reasonable doubt, after notice to the accused and affording him an opportunity to refute the allegation, that the accused was in fact guilty of a prior offense of retail theft and that the record supports that finding. Unlike value, the existence of a prior theft conviction is not required to be proved to the trier of fact before the conviction is later enhanced from a misdemeanor to a felony. Although defendant claims that he would not have submitted the misdemeanor theft instruction if he had been given notice of the State's intention to enhance prior to the jury being instructed, *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, should have put defendant's trial counsel on notice that enhancement of a misdemeanor theft conviction to a felony at sentencing was a distinct possibility which should have been considered prior to his requesting and obtaining a jury instruction on misdemeanor theft.

■ It is well established that a defendant cannot complain of error which was acquiesced in or invited by him or his counsel. (*People*

*v. Burage* (1961), 23 Ill. 2d 280, 283, 178 N.E.2d 389, 391; *People v. Benka* (1983), 117 Ill. App. 3d 221, 223-24, 453 N.E.2d 71, 73.) Since the defendant does not allege trial counsel's ineffectiveness for submitting the misdemeanor theft instruction, he is estopped from having us consider the issue. *Cf. People v. Rachel* (1984), 123 Ill. App. 3d 600, 606-07, 462 N.E.2d 959, 964-65.

■ Assuming that defendant had raised trial counsel's ineffectiveness, he would still not be entitled to reversal and a new trial. For a defendant to establish that counsel was ineffective, he must demonstrate actual ineffectiveness which resulted in substantial prejudice without which the outcome would have been different. (*People v. Royse* (1983), 99 Ill. 2d 163, 168, 457 N.E.2d 1217, 1220.) After reviewing the evidence presented at trial, we conclude that the evidence was sufficient to justify trial counsel's strategy of instructing the jury on misdemeanor theft. *Cf. People v. Rachel* (1984), 123 Ill. App. 3d 600, 462 N.E.2d 959.

For the foregoing reasons, the judgment of the circuit court of Perry County is affirmed.

Affirmed.

KARNS and WELCH, JJ., concur.