THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY HICKS, Defendant-Appellant.

Fifth District   No. 5—85—0823

Opinion filed December 15, 1986.

Randy E. Blue and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Wendy B. Porter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Terry C. Hicks, was convicted after a jury trial in the circuit court of Montgomery County of burglary and theft, with the latter conviction enhanced to a felony due to defendant's previous conviction for theft. He was sentenced to concurrent terms of 5 years' imprisonment on the burglary conviction and 1½ years' imprisonment on the theft conviction. On appeal, defendant claims the trial court erred in allowing the State to present to the jury evidence of his prior theft conviction as an element of the charged offense of theft. Defendant further contends that even assuming the prior conviction was properly admitted as an element of the offense, the court erred in admitting evidence of details of the prior conviction. We affirm.

Defendant was charged with stealing 17 pigs from a farm owned by Kenny Singler in Nokomis in Montgomery County. Don Humphrey testified for the State that he and defendant took the pigs from a shed at Singler's farm on the morning of December 18, 1984. The two men then drove to a sale barn in Shelbyville and unloaded the pigs into a pen to await sale at an auction later that day. Humphrey testified that defendant offered the pigs for sale under the name of Maggie Bell Hicks, defendant's grandmother. Humphrey and defendant left the sale barn but returned there later in the morning. They watched some of the selling, then defendant went to the office and obtained a check for approximately $159.

Kenny Singler testified that when he checked his livestock between

7:30 and 8 a.m. on December 18, he noticed tire tracks in the manure near his hog shed. He discovered that 17 pigs were missing. Singler testified that no one had authority to enter his shed or remove pigs and specifically that defendant did not have such authority. Singler went to the sale barn at Shelbyville and identified the pigs left in the name of Maggie Bell Hicks as belonging to him.

Defendant testified in his own behalf and denied stealing the pigs from Singler. He testified that he lives with his grandmother, Maggie Bell Hicks, and that together they raise hogs. Defendant stated on the evening of December 17, he talked with Henry Granada, a man he had met in Texas who was traveling through Nokomis that day. Defendant asked Granada to take 16 feeder pigs to the Shelbyville sale barn and consign them in the name of Maggie Bell Hicks. Defendant testified that he knew the pigs were delivered because he picked up the check for them the next day at the sale barn.

Also at trial, the State introduced evidence of defendant's prior conviction for theft in order to enhance the charged offense of theft from a misdemeanor to a felony under the provisions of section 16—1(e)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(1)). Prior to trial, defendant offered to stipulate that he had a prior conviction for theft in an effort to keep this evidence from being presented to the jury as an element of the crime. The trial court, while noting a conflict in the case law on this issue, determined that the State should be allowed to prove the prior conviction as an essential element of the charged offense. The State also was allowed to use the prior conviction as impeachment of defendant after he took the stand in his own defense.

■ Defendant argues that the prior conviction is not an essential element of the crime of felony theft, but instead is a matter to be considered only in sentencing. He claims that presenting evidence of the prior conviction to the jury was highly prejudicial.

We recently acknowledged the unsettled nature of the law regarding this issue when we stated:

> "The issue of whether proof of a prior conviction used to enhance a misdemeanor offense to a felony must be introduced at trial or at the sentencing hearing has been the subject of some confusion following the supreme court's decisions in *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, and *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795. While in *People v. Hayes* the supreme court ruled that proof of a prior conviction for the purpose of enhancing a misdemeanor retail theft offense to a felony was a matter for the sentencing court, in *People v.*

*Palmer* the court held, in the context of an unlawful-weapons charge, that it was necessary to allege and prove the prior conviction at trial in order to establish the felony offense of unlawful use of weapons." (*People v. Hall* (1986), 145 Ill. App. 3d 873, 876, 495 N.E.2d 1379, 1381.)

Defendant urges us to follow *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490, and recent cases which have relied upon that decision. However, the supreme court in *Palmer* severely limited the impact of *Hayes* when it distinguished the earlier decision in the following manner:

"The defendant in *Hayes* was claiming prejudice as a result of *the State's failure to include* an allegation that the pending charge was a second or subsequent offense. She was not claiming that the allegation and proof of the prior conviction *should have been excluded* as prejudicial, as did the defendants in *Ostrand* [*People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499] and *Owens* [*People v. Owens* (1967), 37 Ill. 2d 131, 225 N.E.2d 15]. Therefore, the issue of whether prejudice results when the State alleges and proves the prior conviction was not presented in *Hayes*. Accordingly, any comment the court made regarding that issue is properly characterized as *dicta*, which is not binding authority within the rule of *stare decisis*. [Citation.] Thus *Hayes* holds only that, where a defendant has notice that she is being tried as a felon, a felony conviction for retail theft can be sustained despite the State's failure to allege in the information that the offense charged was a second or subsequent offense of retail theft." (Emphasis in original.) (*People v. Palmer* (1984), 104 Ill. 2d 340, 347-48, 472 N.E.2d 795, 799.)

The court in *Palmer* then held:

"We therefore reaffirm the soundness of the *Ostrand* line of cases, which have held that the prior conviction is an element of the crime and must be proved before the trier of fact, prior to a finding of guilt or innocence, in order to obtain a felony conviction for unlawful use of weapons." 104 Ill. 2d 340, 349-50, 472 N.E.2d 795, 800.

We believe the same rule applies in theft cases. If this were not so, the court in *Palmer* simply would have distinguished *Hayes* on the basis that *Hayes* was a theft case. The view that the rule in *Palmer* applies to theft cases, and seemingly to any instance in which a prior conviction changes the nature of an offense from a misdemeanor to a felony, has been accepted by the Fourth District in *People v. Rice* (1985), 137 Ill. App. 3d 285, 287, 484 N.E.2d 514, 515, where the court

stated:

> "*Palmer* indicates that when a prior conviction changes the nature of an offense from a misdemeanor to a felony, rather than enhances a sentence, proof of the prior conviction is a required element of the State's case and must be proved prior to a finding of guilt or innocence. Therefore, in order to secure a felony conviction for retail theft, the State must prove a prior retail theft conviction prior to a finding of guilt or innocence."

(See also *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935 (decided after *Hayes* but prior to *Palmer*).) While other decisions both before and after *Palmer* have found that a prior conviction for theft need not be proved prior to a finding of guilt or innocence (see *People v. Davis* (1985), 140 Ill. App. 3d 265, 488 N.E.2d 554; *People v. Flatt* (1985), 136 Ill. App. 3d 881, 483 N.E.2d 1304; and *People v. Price* (1984), 127 Ill. App. 3d 1, 468 N.E.2d 412), the State correctly asserts that these decisions have addressed circumstances where a defendant has argued he was not proved guilty beyond a reasonable doubt due to the State's failure to present evidence at trial of the prior conviction. Defendant cites to no decision reversing a conviction where the State *has* proved the prior conviction at trial as an element of the offense. *Palmer*, meanwhile, in addressing interlocutory appeals in two cases in which the State was planning to prove the prior conviction at trial but was prevented from doing so by the trial court in a pretrial order, held that the State should be allowed to prove the prior conviction before the trier of fact.

Therefore, we follow *Palmer* in holding that a prior conviction for theft is an essential element of the crime of felony theft when the offense has been enhanced from a misdemeanor to a felony due to the prior conviction and that the prior conviction must be proved before the trier of fact prior to a finding of guilt or innocence. Consequently, the trial court here did not err in allowing the State to present evidence of defendant's prior conviction to the jury as an element of the charged offense. We have noted the authority supporting a contrary holding. We also note the supreme court's decision in *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, which held that the value of an item taken in a theft case was not an essential element of the crime. However, the court was confronted with the narrow issue of whether upon sentencing the defendant was entitled to the benefit of an amendment to the theft statute raising the minimum value of stolen property required to be proved to constitute a felony. We read *Jackson* narrowly as applying only to the unique circumstances presented there. However, we find no reason to distinguish *Palmer* from the present case.

Therefore, absent further guidance from the supreme court, we are bound to follow the court's latest pronouncement on this issue, that being its decision in *Palmer*.

■■■ Defendant's only other argument is that when the trial court allowed evidence of his prior conviction of theft to be presented to the jury, it should not have admitted evidence of the details of the prior offense or the length of the sentence. The State introduced a copy of the judgment showing defendant had been convicted of felony theft in 1978 and had been sentenced to three years' imprisonment. Attached to the judgment was a copy of the indictment showing defendant had been charged in that case with theft of a motorcycle. No other details of the prior conviction were presented to the jury. Defendant does not attack the authenticity of these copies. He claims the length of the sentence and the details of what was taken should have been deleted when this exhibit was presented to the jury.

We first note defendant did not raise this objection at trial, nor did he include this issue in his post-trial motion. Therefore, the issue has been waived. (See *People v. Kincy* (1982), 106 Ill. App. 3d 250, 257, 435 N.E.2d 831, 836.) Even if defendant had properly preserved this issue for review, we find no reason for reversal. Defendant's prior conviction was properly admitted as an element of the charged offense of theft, as well as for purposes of impeachment. The conviction was properly proved by introduction of a copy of the judgment, which necessarily included the sentence imposed. (See *People v. Medley* (1983), 111 Ill. App. 3d 444, 450-51, 444 N.E.2d 269, 274, and *People v. Henry* (1978), 65 Ill. App. 3d 71, 74, 382 N.E.2d 429, 431.) Inclusion of the fact that the prior theft was of a motorcycle did nothing to prejudice defendant. Furthermore, the details which were admitted into evidence were not stressed. While the copies of the judgment and indictment were presented to the jury, they were not read aloud. Defendant did not refer to the prior conviction on direct examination, nor did the State attempt to elicit testimony from defendant regarding it during cross-examination. The State did not refer to the details of the prior offense or the length of the sentence in closing argument, but only briefly stated the prior conviction could be used to prove an element of the offense as well as for impeachment. For these reasons, we find no reversible error.

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

KARNS, P.J., and WELCH, J., concur.