THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GROVER SMITH, SR., Defendant-Appellant.

Fifth District   No. 5—86—0822

Opinion filed October 6, 1987.—Supplemental opinion filed on denial of rehearing December 10, 1987.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Grover Smith, Sr., was convicted of violating section 6—303(d) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)) and sentenced to 23 months' imprisonment after trial by jury in the circuit court of Jackson County.

Section 6—303(d) provides that any person convicted of a second or subsequent violation of section 6—303 (driving while license revoked) shall be guilty of a Class 4 felony if the original revocation was for a violation of section 11—401 (leaving the scene of an accident involving death or personal injuries) or section 11—501 (driving under the influence) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—401, 11—501), or a violation of section 9—3 of the Criminal Code of 1961, as amended, relating to the offense of reckless homicide (Ill. Rev. Stat. 1985, ch. 38, par. 9—3). Smith had a previous conviction for driving while his license was revoked and that revocation was for driving under the influence of alcohol.

On appeal, defendant argues that a previous conviction of driving under the influence is an element of the offense specified in section 6—303(d) and that the State failed to introduce sufficient evidence to prove the previous conviction beyond a reasonable doubt. Alternatively, defendant argues section 6—303(d) is merely a sentencing pro-

vision and that the previous convictions were not essential elements of the offense. Therefore, defendant maintains, he was denied a fair trial because the trial court improperly submitted evidence of the other convictions to the jury. Defendant also argues that the $1,000 fine assessed against him should be vacated because the defendant is financially unable to pay that amount. For the following reasons, we affirm the judgment of the circuit court of Jackson County.

On February 3, 1986, Grover Smith, Sr., was stopped in Murphysboro, Illinois, by a Jackson County deputy sheriff after his car was seen driving erratically and with only one headlight. When asked to produce his driver's license, defendant stated that he did not have one. It was subsequently discovered that Mr. Smith had a previous conviction for driving while his license was revoked and that the revocation was for driving under the influence of alcohol.

At trial, the State introduced as evidence three separate orders of revocation, certified by the Secretary of State, all of which were for driving under the influence of intoxicating liquor and all of which were in effect on February 3, 1986. The State also introduced an order for probation for Mr. Smith, dated April 15, 1986, for driving while his license was revoked. Based upon this evidence, Mr. Smith was found guilty.

■■ On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt because it failed to introduce sufficient evidence of his prior DUI convictions. The only evidence of these prior convictions was the certified copies of the orders of revocation, which stated that the reason for revocation was driving under the influence of intoxicating liquor. Citing *People v. Slaughter* (1980), 84 Ill. App. 3d 88, 404 N.E.2d 1058, defendant maintains that in order to prove his prior DUI conviction, the State must introduce into evidence either the records of those proceedings or authenticated copies of those records.

While *Slaughter* states the traditional rule, we believe the Motor Vehicle Code provides an exception. Section 2—108 of the Code states, "The Secretary of State is hereby authorized to prepare under the seal of the Secretary of State certified copies of any records of his office and every such certified copy shall be admissible in any proceeding in any court in like manner as the original thereof." (Ill. Rev. Stat. 1985, ch. 95½, par. 2—108.) Certified copies of orders of revocation are admissible. (*Cf. People v. Younge* (1980), 83 Ill. App. 3d 305, 309, 404 N.E.2d 415, 418.) Further, section 6—117(b) of the Code states:

> "The Secretary of State shall maintain appropriate records of

all licenses and permits refused, cancelled, revoked or suspended and of the revocation and suspension of driving privileges of persons not licensed under this Chapter, *and such records shall note the reasons for such action.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 6—117(b).

Reading these two statutes together, we conclude that a certified copy of an order of revocation which states that the reason for such revocation was driving under the influence of alcohol is sufficient evidence to prove the previous DUI conviction for purposes of section 6—303(d).

■ As an alternative argument, defendant maintains that section 6—303(d) of the Vehicle Code is merely a sentencing provision and that prior convictions are not elements of the offense which the State must prove, but are only factors used by the sentencing judge in determining whether the crime should be enhanced to a felony. The introduction of his previous convictions, defendant argues, prejudiced the jury and denied him a fair trial.

We considered a similar argument in *People v. Hicks* (1986), 150 Ill. App. 3d 242, 501 N.E.2d 1027. The defendant in *Hicks* was convicted of burglary and theft, with the latter conviction enhanced to a felony because of defendant's previous conviction for theft. On appeal, defendant argued that the prior conviction was not an essential element of the crime of felony theft, but was a matter to be considered only in sentencing and that the presentation of evidence of his prior conviction was highly prejudicial (150 Ill. App. 3d 242, 244, 501 N.E.2d 1027, 1028-29). Following our supreme court's recent decision in *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795, we held that

"a prior conviction for theft is an essential element of the crime of felony theft when the offense has been enhanced from a misdemeanor to a felony due to the prior conviction, and that the prior conviction must be proved before the trier of fact prior to finding guilt or innocence." *People v. Hicks* (1986), 150 Ill. App. 3d 242, 246, 501 N.E.2d 1027, 1030.

We see no reason to distinguish between *Hicks* and the present case. While defendant cites *People v. Davis* (1985), 140 Ill. App. 3d 265, 488 N.E.2d 554, and *People v. Price* (1984), 127 Ill. App. 3d 1, 468 N.E.2d 412, to support his argument, both of those cases addressed situations where the defendant argued that he was not proved guilty beyond a reasonable doubt because the State failed to introduce evidence of his prior convictions at trial. In this case, the State did introduce such evidence, so the cases cited by defendant are

not applicable. We hold, therefore, that in a conviction for driving while license revoked under section 6—303(d) of the Vehicle Code, the prior conviction for driving while license revoked and driving under the influence are elements of the enhanced offense and may be proved before the trier of fact.

Defendant also argues that his $1,000 fine should be vacated because he is financially unable to pay that amount. As this argument was not advanced in defendant's post-trial motion for a new trial, it is waived for purposes of appeal.

For the aforementioned reasons, the decision of the circuit court of Jackson County is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE KARNS delivered the opinion of the court:

Grover Smith, Sr., was convicted of violating section 6—303(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(d)) after a trial by jury in the circuit court of Jackson County. He was sentenced to 23 months' imprisonment and fined $1,000. On appeal, Mr. Smith argued that the State failed to prove him guilty beyond a reasonable doubt because the State did not introduce certified copies of the records of his prior convictions. In the alternative, he argued that the introduction of certified copies of his previous orders of revocation unfairly prejudiced the jury because such prior convictions were not elements of the offense which the State had to prove, but only factors to be used by the sentencing judge in determining whether the offense should be enhanced to a felony. We held that a certified copy of an order of revocation which states that the reason for such revocation was driving under the influence of alcohol was sufficient evidence to prove the previous DUI convictions for purposes of section 6—303(d). We further held that such previous convictions were elements of the enhanced offense which had to be proved to the trier of fact.

Mr. Smith also appealed the imposition of the $1,000 fine, arguing that he was financially unable to pay it. We stated in our opinion that because he did not advance this argument in his post-trial motion for a new trial, it was waived for purposes of appeal. In his petition for rehearing, Mr. Smith maintains that because sentencing

does not necessarily occur within 30 days of the verdict, the time limit within which a motion for new trial must be filed, a defendant would be prevented from appealing a sentence imposed more than 30 days after the return of the verdict. In Mr. Smith's case, he filed a motion for a new trial on November 26, 1986, 30 days after the return of the verdict. Sentencing occurred later that day. Mr. Smith could not have included a request for relief from the sentence in his motion for a new trial because it had not yet been imposed. We hold, therefore, that review of the severity of a sentence is not waived by failing to include it in a post-trial motion for a new trial.

Considering Mr. Smith's argument on the merits, however, we conclude that the imposition of the $1,000 fine was not an abuse of the trial court's discretion and should not be vacated on appeal. Mr. Smith was given one year from the date of his release to pay the fine and the record supports the trial court's conclusion that Mr. Smith was financially able to pay the fine.

The judgment of the circuit court of Jackson County is affirmed.

HARRISON, P.J., and WELCH, J., concur.