THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE E. ROBY, Defendant-Appellant.

Fourth District No. 4—88—0087

Opinion filed August 4, 1988.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Following a jury trial, on December 18, 1987, the circuit court of Macon County convicted defendant Theodore E. Roby of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) and the enhanced offense of driving while license revoked with a prior license revoked conviction (EDWR), the original revocation having resulted from a conviction for DUI. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(d).) On January 8, 1988, the court sentenced defendant to 364 days' imprisonment for the DUI offense and an extended-term sentence of five years' imprisonment for the EDWR offense.

Defendant now appeals, contending: (1) his felony conviction for EDWR cannot stand because the court failed to instruct the jury regarding one of the elements of that offense; and (2) the trial court erred in imposing an extended-term sentence for the felony EDWR conviction. We affirm.

We first address defendant's contention that the jury instructions were deficient. Section 6—303 of the Illinois Vehicle Code (Code) provides in part as follows:

"(a) Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked *** shall be guilty of a Class A misdemeanor.

\* \* \*

(d) Any person convicted of a second or subsequent violation of this Section shall be guilty of a Class 4 felony if the original revocation or suspension was for a violation of Section *** 11—501 [driving under the influence of alcohol] ***." Ill. Rev. Stat. 1987, ch. 95½, pars. 6—303(a), (d).

Defendant contends the jury instructions tendered by the State and given by the trial court concerning the definition of, and issues necessary to prove, the EDWR offense were deficient in that they failed to contain the element that defendant had been convicted previously of DUI, which conviction resulted in the original revocation of his driver's license.

■◢■ We agree. A prior DUI offense, which results in the revocation of a person's license, is an element of the EDWR offense found in section 6—303(d) of the Code. Thus, the State must also prove a defendant violated section 11—501 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) in order to obtain a section 6—303(d) felony conviction. (*People v. Smith* (1987), 162 Ill. App. 3d 739, 516 N.E.2d

335.) We further agree the trial court must properly instruct a jury regarding all elements of the crime charged and, contrary to the State's argument, failure to object to substantial defects contained in jury instructions will not result in waiver of the issue on appeal. *People v. Page* (1987), 163 Ill. App. 3d 959, 516 N.E.2d 1371.

■ However, the State argues the proof of defendant's guilt of the EDWR offense was so strong that any error committed in instructing the jury was harmless. As noted in *People v. Jones* (1979), 81 Ill. 2d 1, 405 N.E.2d 343:

" 'Even though error may have been committed in giving or refusing instructions it will not always justify reversal when the evidence of defendant's guilt is so clear and convincing that the jury could not reasonably have found him not guilty.' " (*Jones*, 81 Ill. 2d at 9, 405 N.E.2d at 346, quoting *People v. Ward* (1965), 32 Ill. 2d 253, 256.)

This court has followed the supreme court's ruling in *People v. Page* (163 Ill. App. 3d at 972, 516 N.E.2d at 1381).

■ We agree with the State that the evidence introduced against defendant on the EDWR offense was sufficiently strong to support his conviction. The evidence is undisputed: (1) defendant was driving a motor vehicle on the date in question; (2) defendant's driving privileges had been revoked on April 10, 1978, and that revocation was in effect on the date defendant committed the instant offenses; (3) defendant had a prior conviction for driving while his license was revoked; and (4) a certified copy of an order of revocation indicated the Secretary of State had been notified of Theodore E. Roby's conviction for "operating a motor vehicle while under the influence of intoxicating liquor" and ordered defendant's license revoked. This latter document was sufficient to prove defendant's prior DUI conviction and subsequent resulting license revocation for purposes of section 6—303(d) of the Code. (*People v. Smith* (1987), 162 Ill. App. 3d 739, 516 N.E.2d 335.) The totality of the evidence was sufficient to meet the *Jones* standard noted previously. Thus, any error in instructing the jury on the EDWR offense was harmless, and defendant's felony conviction for driving while license revoked with a prior license revoked conviction can stand.

■ Defendant next contends the trial court erred in imposing an extended-term sentence of five years' imprisonment for the section 6—303(d) offense (EDWR). The statutory format enhanced defendant's present driving while license revoked offense from a Class A misdemeanor (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)) to a Class 4 felony, since defendant had a prior driving while revoked conviction,

and his original revocation was the result of a driving under the influence conviction. Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(d).

Defendant had also been previously convicted of two Class 3 felonies (aggravated battery and theft of property in excess of $300) (Ill. Rev. Stat. 1985, ch. 38, pars. 12—4, 16—1), as well as a Class 4 felony (retail theft with a prior conviction) (Ill. Rev. Stat. 1985, ch. 38, par. 16—1), within the past 10 years. Using these prior felonies in conjunction with defendant's instant Class 4 felony conviction for EDWR, the trial court determined defendant was eligible for an extended-term sentence pursuant to section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1)). That provision allows imposition of an extended-term sentence if a defendant is "convicted of any felony, after having been previously convicted *** of the same or greater class felony, within 10 years *** and such charges are separately brought and tried and arise out of different series of acts." Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1).

Defendant now contends the court cannot impose an extended-term sentence in situations where, as here, a misdemeanor has been enhanced to a felony by use of one prior conviction and separate prior felony convictions are used as the basis for imposition of an extended-term sentence for the enhanced offense. He cites the appellate court decisions in *People v. Grayson* (1983), 119 Ill. App. 3d 252, 456 N.E.2d 664, *People v. Nally* (1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373, and *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320, decided by the First, Second, and Third Districts, respectively, to support his position.

In each of those cases, the appellate courts refused to uphold extended-term sentences under circumstances similar to the instant case. In so doing, they expanded upon the prior supreme court decision in *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558.

*Hobbs* involved a defendant who was convicted of theft with a prior theft conviction, a Class 4 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e).) The trial court used a prior October 1978 felony theft conviction to enhance defendant's instant offense from a misdemeanor to a felony and also used that *same* prior felony conviction to impose an extended-term sentence (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)).

In holding that an extended-term sentence was not possible where the sentencing offense was a misdemeanor enhanced to a felony by the *same* prior conviction which allowed the extended-term sentence, the supreme court stated:

"To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5—5—3.2(b) is, in our judgment, incompatible with that section's requirement that the charges must be 'separately brought and tried and arise out of different series of acts.' The logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years *where the latest offense consisted of conduct which itself constituted a felony*. Here, the 1979 conduct was a simple misdemeanor until the earlier conviction was added by allegation and proof, and these circumstances, in our judgment, are simply not those at which section 5—5—3.2(b) is aimed." (Emphasis added.) *Hobbs*, 86 Ill. 2d at 246, 427 N.E.2d at 560.

The *Grayson*, *Nally*, and *Spearman* courts have focused upon the language in *Hobbs* emphasized above. They interpret *Hobbs* as meaning no extended-term sentence can be imposed under section 5—5—3.2(b)(1) if, absent enhancement, the present conduct in question is a misdemeanor. Although the first of those decisions, *Spearman*, acknowledges the *Hobbs* decision does not "directly resolve the issue raised here" (*Spearman*, 108 Ill. App. 3d at 239, 438 N.E.2d at 1321), they all interpret *Hobbs* as permitting such an expanded interpretation. We disagree.

The *Hobbs* opinion noted defendant had been convicted of misdemeanor theft in 1978 in addition to being convicted of felony theft in that year, but the case had been presented on the basis that the 1978 felony theft conviction, rather than the 1978 misdemeanor theft conviction, was the enhancing conviction. The court explained:

"It is *irrelevant* that the 1978 misdemeanor theft conviction *could also have served* under section 16—1(e) to escalate the 1979 theft into a felony, leaving the 1978 felony theft conviction to be used to extend the sentence, *for the jury was instructed only as to the prior felony conviction and its verdict was based thereon*." (Emphasis added.) (*Hobbs*, 86 Ill. 2d at 246, 427 N.E.2d at 560.)

The foregoing language suggests that had, as here, the earlier conviction been used to enhance the misdemeanor to a felony theft, the other earlier conviction could have been used as the basis for an extended-term sentence. The language negates the inference drawn by the other districts of the appellate court that a misdemeanor conviction cannot be enhanced to a felony and then become the subject of an extended sentence when separate convictions are used for each step.

■■ This court recently decided the case of *People v. Cissna* (1988), 170 Ill. App. 3d 398, 524 N.E.2d 268, where this same issue was raised under similar circumstances. Although not necessary to the decision reached in that case, this court concluded an extended-term sentence *would* be appropriate in situations like those present in *Nally*, *Grayson*, and *Spearman*. To support its conclusion, this court reasoned enhanced misdemeanors were defined by the legislature as felonies. A felony conviction, whether a pure one or an enhanced misdemeanor, could then be used for the imposition of an extended-term sentence.

We fully agree with and follow this court's *dictum* in *Cissna*. The defendant here was convicted of an enhanced Class 4 felony. The court correctly used a prior driving while revoked conviction to enhance that offense from a Class A misdemeanor to its present felony status. The court then properly imposed an extended term through the use of prior and unrelated felony convictions. *Hobbs* is simply not applicable.

For the reasons stated, we affirm the decision of the circuit court of Macon County.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.