THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN WAYNE COOPER, Defendant-Appellant.

Fifth District   No. 5—89—0408

Opinion filed October 25, 1990.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gene Gross, State's Attorney, of Pinckneyville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Proseutor's Office, of counsel), for the People.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

Defendant, John W. Cooper, appeals his conviction for driving while license revoked, a Class 4 felony due to its enhancement with defendant's prior conviction for driving while license revoked, and his conviction for the Class 4 felony of driving under the influence of alcohol. He was sentenced to concurrent terms of 18 months' imprisonment on both offenses after being found guilty at a bench trial.

At trial, evidence of defendant's August 19, 1985, plea of guilty to two separate acts of driving under the influence of alcohol in Perry County and defendant's March 10, 1988, plea of guilty to driving while license revoked in Hamilton County was introduced into evidence. Defendant did not object to the entry into evidence of proof of his Hamilton County conviction for driving while license revoked.

On appeal, defendant argues that because the trial court record in the instant case does not demonstrate that defendant was represented or waived representation in the misdemeanor driving while license revoked guilty plea in Hamilton County, the use of that conviction to enhance the Perry County driving while license revoked charge in the case at bar to a felony was improper, and demands that the Perry County conviction be reduced to a misdemeanor.

The State resists the reduction of defendant's conviction in Perry County from a misdemeanor to a felony, asserting that the defendant waived the issue of whether he voluntarily declined counsel prior to his guilty plea on the predicate offense in Hamilton County by failing to raise that question in the trial court in the instant case. The State further asserts that even if defendant did not make a valid waiver of counsel in the Hamilton County case, it was proper to consider his prior guilty plea conviction because he did not receive a sentence of imprisonment. The State also maintains that the transcript of the Hamilton County guilty plea established that there was, in fact, a valid waiver of counsel at the time defendant pleaded guilty. Because this court denied the State's motion for leave to supplement the rec-

ord on appeal with the transcript of the guilty plea hearing in Hamilton County case No. 88—TR—118, the State's latter argument cannot be considered for purposes of deciding this appeal.

Defendant contends that under *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, the use of a prior uncounseled plea of guilty to a misdemeanor is prohibited as an enhancing factor to a subsequent misdemeanor in order to make a subsequent misdemeanor a felony. He asserts that the State must prove that the defendant made a knowing and voluntary waiver of representation in the predicate misdemeanor and argues that there is no presumption that counsel was present at the Hamilton County guilty plea due to the silence of the record on that question.

On appeal, defendant does not assert that he was not properly advised and did not knowingly and voluntarily waive counsel in the Hamilton County misdemeanor driving while license revoked prosecution, nor that he was, in fact, without counsel. He failed to raise the issue in the instant case at trial and concurred in the admission of his prior conviction into evidence in the form of a certified copy of his Hamilton County conviction. Defendant failed to raise the issue of the allegedly uncounseled, involuntary waiver of his rights in the misdemeanor driving while license revoked guilty plea in Hamilton County in a post-trial motion, raising it for the first time in his appellate brief.

In order to preserve an issue for appellate review, that issue must be raised in the trial court by objection as well as by written post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) In the absence of such preservation, review will be limited to constitutional issues which have been properly raised at trial and which can be raised later in a post-conviction petition hearing, sufficiency of the evidence and plain error. (*Enoch*, 122 Ill. 2d at 190, 522 N.E.2d at 1132.) Because of defendant's failure to both raise the issue at trial and preserve it in a post-trial motion, the issue is waived. *People v. Volkmar* (1989), 183 Ill. App. 3d 149, 153, 538 N.E.2d 1255, 1257.

Even if, *arguendo*, the issue has not been waived, defendant's contentions are without merit. His reliance on *Baldasar v. Illinois* is misplaced. In *Baldasar*, the defendant was convicted of theft of property not exceeding $150 in value as a second offense, a felony. On appeal to the Supreme Court of the United States, that court held that an uncounseled misdemeanor conviction may not be used under the enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. However, the factual situation in *Baldasar*

differs vastly from that in the case at bar. In *Baldasar*, the record of the predicate proceeding wherein he pleaded guilty affirmatively showed that Baldasar was not represented by a lawyer and did not formally waive any right to counsel. In the subsequent proceeding in which a misdemeanor was enhanced to a felony due to the prior theft, the defense counsel for Baldasar objected to the admission of his prior conviction, arguing at the time that Baldasar had not been represented by a lawyer in the first proceeding, thus making the conviction too unreliable to support enhancement of the second misdemeanor. The Supreme Court held that the uncounseled misdemeanor conviction could not be used to enhance a subsequent misdemeanor to a felony with a prison term.

■■ The case at bar presents a markedly different scenario. Here, defendant has not alleged, nor has he proven, that he was indigent at the time of his prior plea of guilty to driving while license revoked, nor has he alleged, much less proven, that the State somehow prevented him from obtaining the services of retained counsel. He failed to object to the introduction into evidence of his prior conviction, unlike *Baldasar* where defendant's counsel interposed what appears to have been a vigorous objection to the admission of the prior misdemeanor conviction. He stated specifically that because Baldasar had not been represented by a lawyer, the conviction was not sufficiently reliable to be used to enhance the second misdemeanor to a felony. Furthermore, Baldasar presented a record on appeal which substantiated that he was, in fact, not represented by a lawyer, nor did he formally waive his right to counsel. In the case at bar, defendant successfully resisted supplementation of the record with the report of proceedings from defendant's 1988 Hamilton County conviction for driving while license revoked. This court does not subscribe to defendant's broad statement of the holding in *Baldasar*, but rather to the more narrow interpretation of *Baldasar* set forth in *Moore v. Jarvis* (11th Cir. 1989), 885 F.2d 1565. In that case, the court held that *Baldasar* did not forbid predication of an enhanced term of imprisonment upon any conviction obtained in a proceeding in which defendant did not have counsel, but rather forbids only the sentencing of a defendant to an increased term of incarceration solely upon consideration of the prior conviction obtained in a proceeding from which, due to the indigence of the defendant or some misconduct of the State, counsel was unavailable to the defendant. *Moore v. Jarvis*, 885 F.2d at 1573.

Here, as in *Moore*, defendant has not alleged on appeal, nor has he proven, that he was indigent at the time of his prior conviction or

that the State somehow precluded him from obtaining the services of retained counsel. Thus, his case does not present an authentic *Baldasar* violation.

■ Further, defendant's brief carefully avoids stating that he was not properly advised and did not properly make a waiver of appointed counsel but merely states that "the record does not show" that such advisement and waiver took place in the Hamilton County guilty plea. It is the duty of the party appealing a judgment to preserve and present on review an adequate record from which his allegation of error can be resolved. (*People v. Smith* (1985), 106 Ill. 2d 327, 336, 478 N.E.2d 357, 361.) Defendant has asserted that there was error in the Hamilton County proceeding, and yet successfully opposed the entry into evidence of the transcript which would have resolved the question.

Defendant argues that because the record does not show that a defendant has waived counsel, the State has the burden of showing defendant knowingly and voluntarily waived counsel, citing *People v. Nikonowicz* (1984), 127 Ill. App. 3d 738, 469 N.E.2d 625, and *People v. McCarty* (1981), 101 Ill. App. 3d 355, 427 N.E.2d 1382.

*Nikonowicz* presents a scenario which is factually quite different from, and thus inapplicable to, the case at bar. There, this court considered the issue of whether the trial court erred in rejecting defendant's motion to withdraw his guilty plea where no verbatim transcript of his guilty plea existed and defendant actually alleged there was an invalid waiver of counsel. Here, defendant has attacked a predicate guilty plea collaterally, has successfully blocked the State's efforts to supplement the record on appeal with the verbatim transcript of his guilty plea to the enhancing offense, and has not claimed in plain language that he made an invalid waiver of counsel.

*McCarty*, too, does not serve to persuade this court to subscribe to the defendant's thesis. *McCarty* held that the indigent defendant's probation for a counseled conviction for felony theft could not be revoked as the result of an uncounseled misdemeanor conviction where there was no transcript of the guilty plea and the docket entry did not demonstrate that the defendant understood his right to counsel or that the misdemeanor conviction could result in revocation of his probation. The situation in *McCarty* differs in that the allegedly uncounseled guilty plea made subsequent to a felony guilty plea was not used to enhance a crime from a misdemeanor to a felony, but to revoke the defendant's probation. Furthermore, no transcript of the misdemeanor plea existed. The defendant in *McCarty* made an assault on the validity of the revocation of his probation by directly attacking

the convictions which precipitated his incarceration, not an oblique attack as in the case at bar. The dissent in *McCarty* is in alignment with this court's position: in a situation where a defendant never makes an affirmative allegation that the trial court failed to advise him of his right to counsel and never alleges that his right to counsel was denied or infringed, but merely claims that "the record does not show" he waived counsel or was represented in the predicate misdemeanor conviction, the court should presume the trial judge discharged his duty to advise the defendant of his constitutional rights. As the dissent in *McCarty* states, "Although this inference is subject to challenge, such an attack cannot be successful when its genesis is a silent record." *McCarty*, 101 Ill. App. 3d at 361, 473 N.E.2d at 1387 (Heiple, J., dissenting).

██ In a prosecution for felony driving while license revoked, the State is required to prove only that the defendant was driving while his license was revoked and that the revocation of his driver's license was for a violation of, *inter alia*, driving under the influence. (*People v. Smith* (1987), 162 Ill. App. 3d 739, 743, 516 N.E.2d 335, 336.) The State is not required to prove the predicate misdemeanor by introducing into evidence records of the prior proceedings, or authenticated copies of those records, but merely a certified copy of an order of revocation which states that the reason for such revocation was driving under the influence of alcohol. (*Smith*, 162 Ill. App. 3d at 743, 516 N.E.2d at 337.) In the instant case, the State complied with the protocol set out in *Smith*, and defendant's conviction was properly entered.

For the reasons set forth above, defendant's conviction and sentence are affirmed.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.