THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. HURD, Defendant-Appellant.

Fifth District   No. 5—88—0723

Opinion filed November 1, 1989.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, James E. Hurd, was convicted of felony retail theft (Ill. Rev. Stat. 1987, ch. 38, par. 16A—3(a)) and unlawful possession of a hypodermic syringe or needle (Ill. Rev. Stat. 1987, ch. 38, par. 22—50) by the circuit court of Williamson County sitting without a jury. The value of the goods alleged taken was less than $150, which ordinarily would constitute a Class A misdemeanor offense (Ill. Rev. Stat. 1987, ch. 38, par. 16A—10(1)); however, the criminal information alleged that defendant had previously been convicted of retail theft, which enhances the alleged offense to a Class 4 felony (Ill. Rev. Stat. 1987, ch. 38, par. 16A—10(2)). Defendant's prior theft conviction was a misdemeanor. Defendant was sentenced to concurrent terms of imprisonment of five years on the felony theft conviction and 364 days on the other conviction.

A Class 4 felony is ordinarily punishable by a determinate penal sentence of not less than one year and not more than three years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(7).) Under certain circumstances, an extended term of not less than three years and not more than six years may be imposed. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(6).) On appeal, defendant contends that since his conviction for retail theft was a misdemeanor which was enhanced to a felony only because it was a repeat offense predicated upon a prior misdemeanor retail theft conviction, the court impermissibly enhanced his sentence by imposing an extended term of five years' imprisonment. The State counters that the extended term was imposed as a result of defendant's prior armed robbery, rape, and aggravated kidnapping convictions.

The presentence report reveals that on October 17, 1977, defend-

ant was sentenced to concurrent terms of not less than five years and not more than seven years' imprisonment on two counts of armed robbery, four counts of aggravated kidnapping, and two counts of rape. Defendant was paroled on April 16, 1979, and discharged by the Department of Corrections on June 16, 1981.

■ Section 5—5—3.2(b)(1) of the Unified Code of Corrections states:

> "(b) the following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:
>
> (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts ***." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1).)

The offenses in the case at bar were alleged to have been committed on September 13, 1987. At the time defendant committed his prior felonies, aggravated kidnapping, rape, and armed robbery were Class 1 felonies. Ill. Rev. Stat. 1975, ch. 38, pars. 10—2(b), 11—1(c), 18—2(b).

Defendant relies on *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558. Hobbs involved a defendant who was convicted of theft with a prior theft conviction, a Class 4 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e).) The trial court used a prior October 1978 felony theft conviction to enhance defendant's instant offense from a misdemeanor to a felony and also used that same prior felony conviction to impose an extended-term sentence. Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1).

In holding that an extended-term sentence was not possible where the sentencing offense was a misdemeanor enhanced to a felony by the same prior conviction which allowed the extended-term sentence, the supreme court stated:

> "To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5—5—3.2(b) is, in our judgment, incompatible with that section's requirement that the charges must be 'separately brought and tried and arise out of different series of acts.' The logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years *where the latest offense consisted of conduct which itself consti-*

*tuted a felony.* Here, the 1979 conduct was a simple misdemeanor until the earlier conviction was added by allegation and proof, and these circumstances, in our judgment, are simply not those at which section 5—5—3.2(b) is aimed." (Emphasis added.) *Hobbs*, 86 Ill. 2d at 246, 427 N.E.2d at 560.

It is true that in *Hobbs*, the same prior felony conviction was applied to first enhance a misdemeanor offense to a felony and then also to impose an extended term. (*People v. Nally* (1985), 134 Ill. App. 3d 865, 874, 480 N.E.2d 1373, 1377.) However, *Hobbs* has also been applied to invalidate extended terms imposed where, as here, a misdemeanor was enhanced to a felony by use of one prior conviction and a separate prior felony conviction was used as the predicate for imposition of an extended-term sentence for the enhanced offense.

In *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320, the court considered the above language from *Hobbs* that a defendant, whose present misdemeanor retail theft conviction was enhanced to a felony because of a prior misdemeanor retail theft, could not be sentenced to an extended term despite other felony convictions of attempted burglary and two burglaries. (108 Ill. App. 3d at 239-40, 438 N.E.2d at 1321-22.) The court in *Spearman* concluded that *Hobbs* dictates that if the criminal conduct at issue, exclusive of any enhancement provision, constitutes only a misdemeanor, then no extended term may be imposed. (108 Ill. App. 3d at 240, 438 N.E.2d at 1322.) This application of *Hobbs* was also followed in *People v. Grayson* (1983), 119 Ill. App. 3d 252, 456 N.E.2d 664, and *People v. Nally* (1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373. We agree that *Hobbs* precludes an extended term, especially as in the case at bar, where defendant's prior theft is also a misdemeanor without enhancement. See also *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627.

The State relies on *People v. Roby* (1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623, which focuses on another portion of the *Hobbs* decision to affirm an extended-term sentence under circumstances similar to those in the case at bar. In *Roby*, defendant was convicted of driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501) and the enhanced offense of driving while license revoked with a prior license revoked conviction, the original revocation having resulted from a conviction for DUI. The court sentenced Roby to 364 days' imprisonment for the DUI offense and an extended-term sentence of five years' imprisonment on the other offense. Roby had previously been convicted of aggravated battery and felony theft. He made the same argument on appeal as does the defendant in the case at bar. The *Roby* court reasoned a misdemeanor conviction can be en-

hanced to a felony conviction and then become the subject of an extended-term sentence when separate convictions are used for each step. The *Roby* court relied on the following language from the *Hobbs* decision:

"It is *irrelevant* that the 1978 misdemeanor theft conviction *could also have served* under section 16—1(e) to escalate the 1979 theft into a felony, leaving the 1978 felony conviction to be used to extend the sentence, *for the jury was instructed only as to the prior felony conviction and its verdict was based thereon.*" (Emphasis added.) (*Hobbs,* 86 Ill. 2d at 246, 427 N.E.2d at 560.)

While we recognize the reasoning of the *Roby* court, we decline to follow it.

■ Defendant contends that if the extended-term sentence were not imposed, he would now be eligible for release from the Department of Corrections. This court, therefore, exercises its authority under Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)) and modifies defendant's sentence to three years' imprisonment, the maximum unextended penal term.

The judgment of the circuit court is affirmed as modified.

Affirmed as modified.

WELCH, P.J., and LEWIS, J., concur.