THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM GONZALEZ, Defendant-Appellant.

First District (1st Division) No. 1—89—0808

Opinion filed April 15, 1991.

---

*This opinion conforms to an order of this court entered on March 22, 1991.

Michael J. Pelletier and Maria A. Harrigan, both of State Appellate Defender's Office, of Chicago, for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb and Guy L. Miller IV, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant William Gonzalez was found guilty of unlawful use of a weapon by a felon and sentenced to 10 years' imprisonment. Defendant raises three issues on appeal: (1) whether his constitutional right against self-incrimination was violated when the State, during rebuttal closing argument, referred to his failure to testify at trial; (2) whether the trial court's imposition of an extended-term sentence constituted a double enhancement where the misdemeanor offense was enhanced to a felony by one

prior conviction, and the extended term was based on a separate prior felony conviction; and (3) whether his sentence was excessive.

At trial, police officer Patricia Dwyer testified that about 12:45 a.m. on September 6, 1988, she and her partner, Vince Mancini, were on patrol in an unmarked vehicle in the vicinity of 3200 West Evergreen in Chicago when she observed defendant walking on the street. She stated that she knew defendant and that defendant knew her to be a police officer. As the officers slowed down and approached defendant, Officer Dwyer saw defendant reach into his waistband, pull out a revolver, throw it to the ground and continue walking. She arrested defendant while her partner retrieved the loaded gun. Officer Mancini corroborated Officer Dwyer's testimony.

The parties then stipulated that at the time of the incident defendant was a convicted felon.

Neftaly Figueroa testified that defendant, his friend, was at his house for about five hours prior to the incident. About 12 a.m. he drove defendant to a friend's house in the vicinity of 3200 West Evergreen. As he drove away, he observed the police apprehend defendant. Figueroa testified that he never saw defendant in possession of a weapon that evening.

During closing argument defense counsel suggested that the officers planted the gun on defendant and questioned why the gun was not checked for fingerprints. In rebuttal, the State argued:

> "Fingerprints, comes [sic] on, why not videotape and then what's the next question, it's dumb, the officer saw him with it, he saw him take it out of his waistband, saw him throw it down to the ·ground, he recovered it and never lost sight of it, what are we talking about here, you pass the gun around back there and the next person is going to ask for your fingerprints?
>
> Come on, he knows he touched it, you know you touched it, he can come in here and take an oath, these are sworn police officers that [sic] took an oath."

After the jury found defendant guilty, a sentencing hearing was conducted. Aggravating evidence cited by the State included defendant's prior convictions for unlawful use of weapons in 1987, aggravated battery in 1980 and robbery in 1979. Mitigating evidence established that defendant was the father of four children and had been steadily employed prior to his arrest.

■■ Defendant first argues that the State's rebuttal-argument reference to defendant's failure to testify violated his constitutional right against self-incrimination. The State responds that defendant

failed to preserve this issue for appeal. We agree. The law provides that both trial objection and a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) This waiver rule applies to constitutional as well as to other issues. (*People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227.) Although Supreme Court Rule 615(a) provides that defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court (134 Ill. 2d R. 615(a)), this rule does not operate in the nature of a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. (*People v. Precup*, 73 Ill. 2d at 16.) In the present case, defendant waived the issue by failing to object at trial and in his motion for a new trial. Further, we do not find that the plain error rule mandates that we consider the issue. The purpose of the rule is to correct serious errors which may have denied the accused a fair trial. (*People v. Priola* (1990), 203 Ill. App. 3d 401, 417, 561 N.E.2d 82.) The doctrine will be applied in criminal cases if the evidence was closely balanced or the alleged error was so serious that it deprived defendant of a fair trial. (*People v. Priola*, 203 Ill. App. 3d at 417.) Only where the errors are so inflammatory that defendant could not have received a fair trial, or so flagrant as to threaten deterioration of the judicial process, will we relax the waiver rule. (*People v. Hayes* (1988), 173 Ill. App. 3d 1043, 1049, 527 N.E.2d 1342.) Evidence of defendant's guilt in the instant case was overwhelming, and the challenged comments did not so prejudice defendant as to have denied him a fair trial.

■■ ■ Assuming *arguendo* that the issue was not waived, we find that the State's remarks made during rebuttal argument did not constitute reversible error. In reaching this decision we are guided by the court's ruling in *People v. Dixon* (1982), 91 Ill. 2d 346, 350, 438 N.E.2d 180:

> "The appropriate test for determining whether a defendant's right to remain silent has been violated is whether 'the reference [was] intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify.' [Citations.] The prosecutor may comment on the uncontradicted nature of the State's case [citations], and, where motivated by a purpose of demonstrating the absence of any evidentiary basis for defense counsel's argument rather than a purpose of calling attention to the fact

that defendant had not testified, such argument is permissible [citation]. Moreover, a defendant cannot ordinarily claim error where the prosecutor's remarks are in reply to and may be said to have been invited by defense counsel's argument."

Even where remarks are improper, they will not be considered reversible error unless they constitute a material factor in the defendant's conviction or result in substantial prejudice to the accused. (*People v. Cook* (1990), 201 Ill. App. 3d 449, 461, 558 N.E.2d 1268.) Improper remarks may be considered harmless error if there is overwhelming evidence of defendant's guilt. *People v. Cook*, 201 Ill. App. 3d at 461.

■ Applying these principles to the case before us, we find that the State's comment was invited by defense counsel's argument suggesting that the police officers planted the gun on defendant, and that the challenged comment was not made for the purpose of calling attention to defendant's failure to testify. We also refer to our earlier finding that the evidence of defendant's guilt was overwhelming. It is noteworthy that the trial court instructed the jury that the "fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict." Accordingly, we conclude that the State's comments did not prejudice defendant or operate to deprive him of a fair trial.

Defendant next contends that the trial court erred in using his prior convictions to justify an extended-term sentence (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)), where those same convictions were used to enhance the offense of unlawful use of a weapon from a misdemeanor to a felony. He reasons that since his status as a felon had been used to enhance the charge against him, the use of his prior convictions to impose an extended term was an improper double enhancement. Review of pertinent case law indicates that the courts are divided on this issue. In *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, the supreme court held that it is improper for a court to impose an extended-term sentence where the sentencing offense is a misdemeanor enhanced to a felony by the same prior conviction which would allow the extended-term sentence. In explaining its ruling, the court reasoned that the extended-term sentencing statute is intended to severely punish recidivists convicted of separate felonies within the same 10-year period where the latest offense consists of conduct which itself constitutes a felony. (*People v. Hobbs*, 86 Ill. 2d at 246.) Several cases decided after *Hobbs* have extended that holding to preclude an extended-term sentence in any case where the sentencing offense is a misde-

meanor enhanced to a felony regardless of what prior conviction is used to authorize it. *People v. Hurd* (5th Dist. 1989), 190 Ill. App. 3d 800, 546 N.E.2d 1096; *People v. Nally* (2nd Dist. 1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373; *People v. Grayson* (1st Dist. 1983), 119 Ill. App. 3d 252, 456 N.E.2d 664; *People v. Spearman* (3d Dist. 1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320.

*Dicta* set forth in *People v. Cissna* (4th Dist. 1988), 170 Ill. App. 3d 398, 524 N.E.2d 268, reflects the opposite position that has been subsequently followed by that district (see *People v. Roby* (4th Dist. 1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623). In *Cissna*, the defendant was sentenced to the maximum non-extended-term sentence, although the trial court believed that he was eligible for an extended-term sentence based upon a prior misdemeanor that had been enhanced to a felony. The court concluded that the extended-term provision could have been used, stating:

> "We note the legislature, when addressing enhanced misdemeanors, did not indicate they could be penalized the same as a felony, but, in fact, defined them as a felony. (See Ill. Rev. Stat. 1985, ch. 38, par. 16—1, 16A—10, 24—1.) The decision concerning what conduct is a felony and what conduct is a misdemeanor is a legislative one. Accordingly, it is clear the legislature intended that once a felony conviction is entered, whether that conviction started as a pure felony or an enhanced misdemeanor, it can be used to qualify a defendant for an extended-term sentence." (*Cissna*, 170 Ill. App. 3d at 401.)

Applying this reasoning, the court in *Roby* concluded that a misdemeanor conviction can be enhanced to a felony conviction and then become the subject of an extended-term sentence where separate prior convictions are used for each step. The court in *Roby* relied on the following language from *Hobbs*:

> "It is irrelevant that the 1978 misdemeanor theft conviction could also have served under section 16—1(e) to escalate the 1979 theft into a felony, leaving the 1978 felony theft conviction to be used to extend the sentence, for the jury was instructed only as to the prior *felony* conviction and its verdict was based thereon." (Emphasis in original.) (*People v. Hobbs*, 86 Ill. 2d at 246.)

However, in *People v. Hurd* (190 Ill. App. 3d at 803), the court recognized but declined to follow the reasoning of the *Roby* court, stating, "[w]e agree that *Hobbs* precludes an extended term, especially

as in the case at bar, where defendant's prior theft is also a misdemeanor without enhancement."

In determining which position to take on this issue, we are guided by *People v. Tackett* (4th Dist. 1988), 169 Ill. App. 3d 397, 523 N.E.2d 647, *appeal denied* (1988), 122 Ill. 2d 590, wherein defendant was convicted of unlawful use of weapons by a felon stemming from his possession of a shank while an inmate at a penal institution. The defendant cited *Hobbs* and contended that the use of prior convictions as an aggravating factor constituted double enhancement because the prior convictions were an element of the offense of unlawful use of a weapon by a felon. The court rejected this argument, finding the situation before it distinguishable from *Hobbs*. The court stated:

"The defendant here was convicted of three prior felonies. At trial, the State introduced a certified statement of conviction for all three convictions (murder, armed robbery, home invasion). The introduction of such evidence was necessary as a conviction of a felony is an element of the offense of unlawful use of weapons by a felon. (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1.) Since the prior felony was an inherent element of the offense, it cannot be said that it was used for purposes of enhancement. Enhancement occurs where a prior offense is used to increase a penalty, not to create an offense. Thus, the double enhancement concept is inapplicable here." *People v. Tackett*, 169 Ill. App. 3d at 405.

In the instant case, defendant's criminal history included prior felony convictions for aggravated battery and robbery. The indictment charging defendant with the felony offense of unlawful use of a weapon referred to defendant's prior robbery conviction as the basis for charging him with a felony rather than a misdemeanor. During trial, the parties stipulated that defendant was a convicted felon. It is clear from the record that when the jury found defendant guilty, it was relying on his prior robbery conviction. Therefore, his conviction for aggravated battery provided the basis for imposing an extended-term sentence. Moreover, since a trial judge is presumed to know the law (*People v. Sosa* (1990), 195 Ill. App. 3d 828, 552 N.E.2d 1298), we may properly conclude that when the trial court in the present case imposed an extended-term sentence it was relying on the aggravated battery conviction and not the robbery conviction. This resolution of the issue is in accord with the analysis in *Tackett*, and we conclude that because the prior felony of robbery was an element of the offense, no double enhancement occurred

here. Thus we find *Hobbs* inapplicable, and we reject those cases extending *Hobbs* to bar extended terms for a misdemeanor enhanced to a felony by a prior conviction even where separate prior felony convictions could have supported an extended-term sentence.

■ We are also not persuaded that when the legislature created the separate felony offense of unlawful use of a weapon by a felon it contemplated that such an offender could never be eligible for extended-term sentencing pursuant to section 5—5—3.2(b). We do not construe *Hobbs* as requiring such a result. We agree with the fourth district's determination in *Roby* that separate prior felony convictions may be utilized to impose an extended-term sentence when the sentencing offense has been rendered a felony based upon a prior conviction not relied on to impose the extended-term sentence.

The last contention raised by defendant is that the 10-year extended-term sentence was excessive in light of the nature of the offense, his lack of a recent criminal history and his potential for rehabilitation. He explains that the fact that seven years have passed since his last conviction demonstrates his rehabilitative potential. He also suggests that the offense was not a significantly serious one since he merely possessed a gun and did not threaten or harm anyone.

Defendant was convicted of a Class 3 felony. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(d).) The extended-term sentence for a Class 3 felony shall be not less than five years and not more than 10 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(5).) The trial court imposed the maximum sentence permitted by statute. Our consideration of this issue is guided by the following general principles set forth in *People v. Neal* (1988), 125 Ill. 2d 291, 297-98, 531 N.E.2d 366:

> "Sentencing judges are vested with wide discretion so that reasoned judgments as to the penalty appropriate to the particular circumstances of each case can be accomplished. [Citations.] However, that discretion is not unfettered.
>
> Reviewing courts have the power and authority under Supreme Court Rule 615(b)(4) (107 Ill. 2d R. 615(b)(4)) to reduce a sentence imposed by the trial court. In a line of cases, this court has consistently held that the imposition of sentence is a matter of judicial discretion and the standard of review to determine whether a sentence is excessive is whether the trial court abused that discretion. [Citations.] The reasoning is, of course, that the trial court is in the best position to

consider, *inter alia*, credibility, demeanor, general moral character, mentality, social environment, habits and age. [Citation.] However, the mere fact that the trial court has a superior opportunity to make a determination concerning final disposition and punishment of a defendant does not imply that a particular sentence imposed is always just and equitable. [Citations.]

Accordingly, a reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate sentencing factors differently. [Citation.] Rather, reviewing courts exercise the authority granted under Rule 615(b)(4) cautiously, and the scope of an appellate court's examination of a sentence imposed by the trial court is limited to whether the record discloses that the trial court abused its discretion.''

 The presentence investigation report reviewed by the trial court in the instant case indicated that defendant was 33 years old and had been living with the mother of his four children for the past five years. His criminal record included a 1980 conviction for aggravated battery, a 1978 unlawful use of weapons conviction, and a 1973 robbery conviction. Defendant was paroled in 1983 after serving three years of an eight-year sentence for the aggravated battery conviction. Defendant was employed by a construction company for one month prior to his incarceration for the current offense. The trial court's sentence reflects defendant's criminal record and is consistent with the intent of the extended-term sentencing statute which is to severely punish recidivists. (*People v. Hobbs*, 86 Ill. 2d 242, 427 N.E.2d 558.) Consequently, we find no abuse of discretion. Moreover, since we may not substitute our judgment for that of the trial court merely because it may have been possible to balance the appropriate sentencing factors differently (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541), we find no basis for reversing defendant's 10-year sentence.

For the reasons stated above, the judgment of the circuit court is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request and assess defendant $50 as costs of this appeal.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.