THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRENDA MARTIN, Defendant-Appellant.

Third District   No. 3—92—0084

Opinion filed December 14, 1992.—Modified on denial of
rehearing January 26, 1993.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for
appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The trial court convicted defendant Brenda Martin *in absentia* of prostitution (Ill. Rev. Stat. 1991, ch. 38, par. 11—14). She was subsequently sentenced to a four-year term of imprisonment. She appeals, and we affirm the judgment as modified.

On appeal, the defendant first argues that she was not proven guilty beyond a reasonable doubt of prostitution because the evidence failed to show that she agreed to perform sex for money.

To sustain a charge of prostitution, the State must prove beyond a reasonable doubt that the defendant either performed, offered to perform, or agreed to perform an act of sexual penetration for money. (Ill. Rev. Stat. 1991, ch. 38, par. 11—14(a).) A reviewing court will preserve the trier of fact's role as weigher of the evidence by viewing the evidence in the light most favorable to the prosecution. The relevant question is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Proof beyond a reasonable doubt does not require the exclusion of every possible doubt. As long as the entire chain of circumstances leads to a reasonable certainty that the accused committed the crime, the judgment must be upheld. *People v. Stepteau* (1986), 142 Ill. App. 3d 400, 491 N.E.2d 821.

In the case at hand, the record shows that police officer Ronald Cook testified at the defendant's bench trial. He stated that while working undercover he was driving an automobile when the defendant waved at him. When he pulled over, she walked up to the car and asked him if he was "looking to party." He stated that he was, and the defendant then got into his car.

The defendant then asked him what he wanted to do. Cook told her he was "looking for a blow job." The defendant asked him what he was willing to give her in return. He told her he did not know and asked her what the going rate was. She said that the going rate was $25 and asked if he could afford that. At this point, Cook gave a signal to other officers to move in and make an arrest.

Cook also testified that during his conversation with the defendant she asked him if he was a police officer. In addition, when the po-

lice were pulling them over, she told him to tell the officers that they were friends and he was taking her home.

■ Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of prostitution. As the evidence showed, the defendant approached Cook, got into his car, and asked him what he was willing to give her in return for oral sex. This evidence indicates that the defendant agreed, or at least made an offer, to perform a sexual act for money.

The defendant next argues that the court erred in sentencing her to an extended term of imprisonment. First, she contends that her sentence was the product of improper double enhancement because the court used the same aggravating factor both to enhance the seriousness of the offense and to impose an extended-term sentence. In addition, she alleges that our decision in *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320, bars the imposition of an extended-term sentence where, as here, the defendant's crime was a misdemeanor which was enhanced to a felony.

Regarding the defendant's first contention, we note that her prostitution conviction was elevated to a Class 4 felony based upon the fact that she had two or more prior prostitution convictions. We also note that the defendant had two prior Class 4 felony convictions for public assistance fraud within the last 10 years.

An extended-term sentence is proper in a case where a prior offense is used to enhance a misdemeanor to a felony where other prior offenses are available to provide a basis for an extended-term sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(1); *People v. Anderson* (1991), 211 Ill. App. 3d 140, 569 N.E.2d 1178.) A judge does not have to enumerate each factor to be considered in arriving at a sentence. *People v. Ernst* (1991), 219 Ill. App. 3d 51, 579 N.E.2d 376.

■ Here, while the trial judge did not specifically address the defendant's two prior felony convictions for public assistance fraud, these convictions were clearly set forth in the presentence report. In addition, the court noted that it had considered the presentence report in setting the defendant's sentence. Therefore, since there were other felonies available for the court to use as the basis for an extended term, we find that no double enhancement occurred.

We next address the defendant's contention that *Spearman* bars the imposition of an extended-term sentence where the underlying conduct *itself* was only a misdemeanor.

In response, the State contends that the instant case is more analogous to the Fourth District Appellate Court's holding in *People v. Roby* (1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623. Additionally, the State contends that to the extent that *Roby* and *Spearman* cannot be reconciled, we should follow the holding in *Roby*. See *People v. Anderson* (1991), 211 Ill. App. 3d 140, 569 N.E.2d 1178; *People v. Crosby* (1990), 204 Ill. App. 3d 548, 561 N.E.2d 1221; *People v. Gonzalez* (1991), 212 Ill. App. 3d 839, 571 N.E.2d 899.

We begin by noting that section 5—5—3.2(b)(1) of the Unified Code of Corrections provides:

"(b) The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(1).

We find it significant that the legislature expressly made section 5—5—3.2(b)(1) applicable to "*any* felony," rather than just felonies that were not enhanced from misdemeanors. This language clearly manifests the legislature's intent that section 5—5—3.2(b)(1) apply to all types of felonies. Nevertheless, section 5—5—3.2(b)(1) has been held not to apply where the felony at issue was originally a misdemeanor that only became a felony through enhancement. (See *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320; *People v. Hurd* (1989), 190 Ill. App. 3d 800, 546 N.E.2d 1096; *People v. Nally* (1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373; *People v. Grayson* (1983), 119 Ill. App. 3d 252, 456 N.E.2d 664.) These holdings are premised on the wording used in the Illinois Supreme Court's decision in *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558.

In *Hobbs*, the defendant was convicted of felony theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e)). The trial court used a *single* prior felony theft conviction to *both* enhance the defendant's offense into a felony and to impose an extended-term sentence. However, the supreme court reversed the trial court and held that an extended-term sentence was not permitted where the offense was a misdemeanor enhanced to a felony by the *same* prior conviction which was used as the basis for the extended-term sentence.

Subsequent to the supreme court's decision in *Hobbs*, this district was presented with a related issue in *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320. In *Spearman*, the defendant was sentenced to five years' imprisonment for stealing less than $15 worth of meat from a food store. On appeal, this court vacated the sentencing order. The *Spearman* court admitted that *Hobbs* was not directly on point because it involved double enhancement stemming from a single prior conviction, while *Spearman* involved multiple prior convictions. Nevertheless, citing to *Hobbs*, the *Spearman* court held that in the interest of lenity, no extended term may be imposed for conduct which had been enhanced from a misdemeanor to a felony.

Although *Spearman* was initially followed by other courts (see *People·v. Hurd* (1989), 190 Ill. App. 3d 800, 546 N.E.2d 1096; *People v. Nally* (1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373; *People v. Grayson* (1983), 119 Ill. App. 3d 252, 456 N.E.2d 664), the decision has been questioned and rejected in a recent line of cases (see *People v. Roby* (1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623; *People v. Crosby* (1990), 204 Ill. App. 3d 548, 561 N.E.2d 1221; *People v. Gonzalez* (1991), 212 Ill. App. 3d 839, 571 N.E.2d 899). In light of this recent line of cases, we feel compelled to reexamine the holding in *Spearman*.·

We begin by noting that despite the dissimilarities of the issues involved, the *Spearman* court relied heavily upon language used by the supreme court in *Hobbs*. Specifically, *Spearman* relied upon the statement in *Hobbs* that in allowing extended-term sentences, section 5—5—3.2(b)(1) "indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which *itself* constituted a felony." (Emphasis in original.) *People v. Hobbs* (1981), 86 Ill. 2d 242, 246, 427 N.E.2d 558, 560.

We note that the supreme court's use of "itself" was ambiguous. "Itself" could be interpreted to mean either "without enhancement" or "without enhancement by the same underlying felony used as the basis for imposing the extended term." In the interest of lenity, *Spearman* resolved this ambiguity by adopting the first, more restrictive, interpretation. However, other language in the *Hobbs* opinion suggests that the supreme court intended the second, less restrictive, interpretation. See *People v. Roby* (1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623.

■ We recognize that the outcome of the *Spearman* case was proper because a six-year term of imprisonment for the theft of less than $15 worth of meat was overly harsh. However, we believe that

the *Spearman* court went too far when it held that an extended-term sentence may *never* be imposed for conduct which, absent enhancement, would constitute a misdemeanor. Instead, the *Spearman* court should have merely held that the trial court abused its discretion in imposing such a harsh sentence. If the broad holding in *Spearman* were to be blindly followed, section 5—5—3.2(b)(1) would be unable to reach certain classes of dangerous recidivists despite the express language chosen by our legislature. Accordingly, we now adopt the more limited interpretation of *Hobbs* set forth in *Roby*. Henceforth, a defendant may be eligible for an extended-term sentence so long as the same prior conviction is not used to both enhance his sentence and serve as the basis for an extended term.

However, in the instant case we find that the defendant's sentence cannot stand.

It is the general rule in this State that a decision will be applied retroactively unless the court expressly declares that its decision is a clear break with the past, such as when a court *explicitly overrules its own past precedent*, disapproves a practice that it has previously approved, or overturns a well-established body of lower court authority. *People v. Phillips* (1991), 219 Ill. App. 3d 877, 580 N.E.2d 168.

Here, our decision clearly overrules our prior decision in *Spearman*. As such, the rules of retroactivity prohibit our applying the rule of law announced in this opinion to the instant defendant. At the time the defendant committed the instant offense, the law did not allow for the imposition of an extended-term sentence for the type of crime she committed. We therefore reduce the defendant's sentence to three years of imprisonment. We note that the maximum three-year non-extended term is warranted due to the defendant's prior record of criminal activity.

The judgment of the circuit court of Peoria County is affirmed as modified.

Affirmed as modified.

BARRY and STOUDER, JJ., concur.