612 N.E.2d 975 (1993)
243 Ill. App.3d 875
184 Ill.Dec. 99
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Michael A. NIEMEYER, Defendant-Appellant.
No. 5-92-0389.
Appellate Court of Illinois, Fifth District.
April 26, 1993.
*976 Daniel M. Kirwan, Deputy Defender, Michelle A. Zalisko, Asst. Defender, Office of State Appellate Defender, Fifth Judicial Dist., Mt. Vernon, for defendant-appellant.
Kevin Parker, State's Atty., Effingham, Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Kendra S. Mitchell, Staff Atty., Office of State's Atty. Appellate Prosecutor, Mt. Vernon, for plaintiff-appellee.
Justice MAAG delivered the opinion of the court:
The defendant, Michael A. Niemeyer, was convicted by a jury of driving under the influence of alcohol (Ill.Rev.Stat.1991, ch. 95½, par. 11-501(c)) and driving while license revoked (Ill.Rev.Stat.1991, ch. 95½, par. 6-303(a)). Both offenses were charged and tried as Class 4 felonies because the defendant had previously been convicted of driving under the influence of alcohol and driving while license revoked. The trial court sentenced defendant to extended-term sentences of six years' imprisonment on each conviction with the sentences to run concurrently. (See Ill.Rev. Stat.1991, ch. 38, par. 1005-5-3.2(b)(1).) On appeal, defendant contends that the trial court was not authorized to impose extended-term sentences on him because the offenses of which he was convicted are ordinarily misdemeanors but were enhanced to *977 felonies because of prior convictions for the same offenses.
Defendant was convicted of violating sections 11-501 and 6-303 of the Illinois Vehicle Code. Generally, these offenses are Class A misdemeanors (see Ill. Rev.Stat.1991, ch. 95½, par. 6-303(a) and 11-501(c)) which carry a term of imprisonment of less than one year. (Ill.Rev.Stat. 1991, ch. 38, par. 1005-8-3(a)(1).) In the instant case, however, these offenses were enhanced to Class 4 felonies because defendant had previously been convicted of driving under the influence of alcohol and driving while license revoked. (See Ill.Rev. Stat.1991, ch. 95½, pars. 6-303(d), 11-501(d).) The sentence for a Class 4 felony is imprisonment for not less than 1 year and not more than three years. (Ill.Rev. Stat.1991, ch. 38, par. 1005-8-1(a)(7).) The defendant had previously been convicted of burglary, a Class 2 felony, within the 10 years prior to defendant's instant convictions, excluding the time he spent in custody on the burglary conviction. Using the felony conviction in conjunction with defendant's Class 4 felonies in this case, the trial court found defendant to be eligible for extended-term sentences pursuant to section 5-5-3.2(b)(1) of the Unified Code of Corrections (Unified Code), which provides in pertinent part:
"(b) The following factors may be considered by the court as reasons to impose an extended term sentence * * *:
(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Ill.Rev.Stat.1989, ch. 38, par. 1005-5-3.2(b)(1).)
As previously noted, the trial court found defendant to be eligible for extended-term sentences based upon defendant's 1989 burglary conviction. It is undisputed that this conviction was obtained within 10 years prior to defendant's instant convictions. It is also undisputed that burglary is a Class 2 felony. (See Ill.Rev.Stat.1991, ch. 38, par. 19-1(b).) Finally, there is no dispute that the instant conviction and the 1989 burglary conviction stem from completely separate incidents and were tried separately. All of the requirements for imposition of an extended-term sentence under 5-5-3.2(b)(1) were satisfied in this case. Nonetheless, defendant challenges the application of this provision on the grounds that it resulted in an impermissible double enhancement of his sentence. See People v. Gonzalez (1992), 151 Ill.2d 79, 175 Ill.Dec. 731, 600 N.E.2d 1189.
The defendant relies upon decisions in four of the five judicial districts in Illinois to support his position. Defendant claims that these districts have held that the imposition of an extended-term sentence under similar circumstances was erroneous. (People v. Hurd (5th Dist.1989), 190 Ill. App.3d 800, 138 Ill.Dec. 41, 546 N.E.2d 1096; People v. Nally (2d Dist.1985), 134 Ill.App.3d 865, 89 Ill.Dec. 630, 480 N.E.2d 1373; People v. Grayson (1st Dist.1983), 119 Ill.App.3d 252, 74 Ill.Dec. 943, 456 N.E.2d 664; People v. Spearman (3d Dist. 1982), 108 Ill.App.3d 237, 64 Ill.Dec. 1, 438 N.E.2d 1320 (overruled by People v. Martin (3d Dist.1992), 240 Ill.App.3d 260, 180 Ill.Dec. 188, 606 N.E.2d 1265).) Defendant also relies on People v. Hobbs (1981), 86 Ill.2d 242, 56 Ill.Dec. 363, 427 N.E.2d 558. In Hobbs, the defendant's misdemeanor theft conviction was enhanced to a felony by reason of a prior felorty theft conviction. The same prior felony theft conviction was then used to impose an extended-term sentence under section 5-5-3.2(1) of the Unified Code. In vacating the sentence, the supreme court stated:
"The crux of this issue is that defendant's conduct in taking the liquor, standing alone, was not a felony under Illinois law for the value of the liquor was less than $150. It became a felony only because defendant had a prior conviction for the same offense. Since the 1979 conduct itself was not a felony it does not appear to fit within the legislative intent manifested by section 5-5-3.2(b). We consider that an extended term could have been imposed if the 1979 *978 offense, exclusive of any other, had constituted a felony, and the earlier conviction had been of a felony at least as egregious. An extended term would have been permissible here, if, for example, the value of the liquor taken in 1979 had exceeded $150 so as to make its taking a felony. But it did not, and its taking became a felony under section 16-1(e) solely by reason of the 1978 felony conviction. To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5-5-3.2(b) is, in our judgment, incompatible with that section's requirement that the charges must be `separately brought and tried and arise out of different series of acts.' The logical interpretation of that language indicates an intent to severely punish a recidivist convicted of separate felonies within 10 years where the latest offense consisted of conduct which itself constituted a felony. Here, the 1979 conduct was a simple misdemeanor until the earlier conviction was added by allegation and proof, and these circumstances, in our judgment, are simply not those at which section 5-5-3.2(b) is aimed." (Emphasis in original.) Hobbs, 86 Ill.2d at 245-46, 56 Ill. Dec. at 364-65, 427 N.E.2d at 559-60.
Hobbs was expanded upon by the appellate court decisions in Spearman, Grayson, Nally, and Hurd. In Spearman, 108 Ill.App.3d at 237, 64 Ill.Dec. at 1, 438 N.E.2d at 1320, as in Hobbs, the defendant's theft conviction was enhanced to a felony by reason of a prior theft conviction, and he was sentenced to an extended term under section 5-5-3.2(b)(1) of the Unified Code. But unlike Hobbs, the extended term in Spearman was based on different convictions, whereas in Hobbs the extended term was based on the enhancing conviction. The Spearman court interpreted Hobbs as precluding the imposition of an extended-term sentence whenever the criminal conduct in question would only have been a misdemeanor in the absence of an enhancing prior conviction. (Spearman, 108 Ill.App.3d at 240, 64 Ill.Dec. at 2-3, 438 N.E.2d at 1321-22.) This application of Hobbs was followed in Grayson, 119 Ill. App.3d at 252, 74 Ill.Dec. at 943, 456 N.E.2d at 664; Nally, 134 Ill.App.3d at 865, 89 Ill.Dec. at 630, 480 N.E.2d at 1373; and by this court in Hurd, 190 Ill.App.3d at 800, 138 Ill.Dec. at 41, 546 N.E.2d at 1096. The only district which did not adopt this position was the fourth. In People v. Roby (4th Dist.1988), 172 Ill.App.3d 1060, 123 Ill.Dec. 160, 527 N.E.2d 623, the fourth district read Hobbs narrowly and concluded that an extended term is precluded only where the enhancing conviction is the sole conviction available for purposes of imposing an extended term under section 5-5-3.2(b)(1). (Roby, 172 Ill.App.3d at 1065, 123 Ill.Dec. at 162-64, 527 N.E.2d at 625-27.) Likewise, the third district appellate court recently overruled its prior decision in Spearman and determined that an extended-term sentence is proper in a case where a prior offense is used to enhance a misdemeanor to a felony where other prior offenses are available to provide a basis for an extended-term sentence. (Martin, 240 Ill.App.3d at 262, 180 Ill.Dec. at 190, 606 N.E.2d at 1267.) The analysis followed by the Roby and Martin decisions is directly in line with the Illinois Supreme Court's recent decision in Gonzalez, 151 Ill.2d at 79, 175 Ill.Dec. at 731, 600 N.E.2d at 1189. In Gonzalez, the Illinois Supreme Court determined that no impermissible double enhancement occurs if no single factor is used both to establish the elements of defendant's crime and to sentence defendant to an extended term of imprisonment. (Gonzalez, 151 Ill.2d at 85, 175 Ill.Dec. at 731, 600 N.E.2d at 1189.) Furthermore, the Gonzalez court determined that its decision does not conflict with its earlier decision in Hobbs because in Hobbs the same prior felony theft conviction was used both as an element of the offense and as the felony upon which the extended-term sentence was based. (See Gonzalez, 151 Ill.2d at 88, 175 Ill.Dec. at 735, 600 N.E.2d at 1193.) In Gonzalez, however, the same prior felony conviction was not used both as an element of the offense and to impose the extended-term sentence. (Gonzalez, 151 Ill.2d at 89, 175 Ill.Dec. at 736, 600 N.E.2d at 1194.) Hence, Hobbs is distinguishable from Gonzalez and the instant *979 case. Accordingly, we now adopt the reasoning set forth in the Gonzalez opinion that a defendant is eligible for an extended-term sentence as long as the same prior conviction is not used both to enhance his sentence and serve as the basis for an extended-term sentence. We note, however, that our prior decision in Hurd was made without the guidance of the Illinois Supreme Court's recent decision in Gonzalez. Therefore, we believe that the circuit court properly sentenced defendant to extended-term sentences of six years' imprisonment on each conviction, with the sentences to run concurrently.
Defendant further claims that the circuit court abused its discretion in sentencing him to the maximum extended-term sentences of six years because those sentences do not have the objective of restoring the defendant, an alcoholic, to useful citizenship.
We note, however, that the trial court is the proper court to determine an appropriate sentence, and a reviewing court cannot alter that sentence absent an abuse of the trial court's discretion. (People v. Perruquet (1977), 68 Ill.2d 149, 153, 11 Ill.Dec. 274, 275, 368 N.E.2d 882, 883.) The defendant contends, however, that the circuit court abused its discretion when it sentenced the defendant because it did not give more weight in mitigation to defendant's alcoholism, his attempts at rehabilitation, and his potential for rehabilitation. We find defendant's contentions to be without merit.
Defendant is correct in stating that the trial court did not recognize, as a factor in mitigation, that defendant is an alcoholic. Although defendant argues that this was error because the Illinois Alcoholism and Other Drug Dependency Act (Ill.Rev. Stat.1991, ch. 111½, par. 6351-3) defines alcoholism as a disease and provides treatment for alcoholics, defendant fails to realize that treatment is not a sentencing option for him because he violated section 11-501 and the legislature has specifically exempted driving under the influence of alcohol from the types of offenses for which a defendant might elect to undergo treatment as an alternative to incarceration. Ill.Rev.Stat.1991, ch. 111½, par. 6360-1(h).
The defendant suggests that his case is similar to People v. Carter (1988), 165 Ill.App.3d 169, 116 Ill.Dec. 247, 518 N.E.2d 1068, and People v. Clark (1990), 206 Ill.App.3d 741, 151 Ill.Dec. 757, 565 N.E.2d 28, because he had previously sought alcohol rehabilitation on two prior occasions and was unable to complete either program. The case at bar is distinguishable from Carter and Clark. In Carter and Clark, the defendants were sentenced to probation and ordered to participate in treatment programs. In both cases, the defendants were unable to complete the treatment programs because they were subsequently arrested and sentenced on other offenses. The appellate court determined that the failure to complete the treatment program should not have been utilized to show that defendants were unlikely to complete a treatment program so as to justify incarceration instead of treatment. The defendant in the case at bar, however, did successfully complete an inpatient treatment program, participated in an outpatient program for approximately one week before he was sentenced to the Department of Corrections, and attended Alcoholics Anonymous from November 1989 through June 1991 while he was incarcerated. When defendant was released from the Department of Corrections in June of 1991, he began consuming an average of 24 to 36 beers per day and was arrested on the current charges within two months of his release from the Department of Corrections. On December 19, 1991, the court ordered the defendant to refrain from consuming alcohol. On January 17, 1992, the defendant stated at his sentencing hearing that he had not had any alcohol since the trial court had ordered him to abstain from it. Furthermore, we note that even though defendant has twice voluntarily enrolled himself in alcohol-treatment programs, both enrollments occurred after defendant was arrested and prior to the time defendant was to be sentenced. Therefore, the court could have viewed defendant's attempts at rehabilitation as a mere ruse to avoid incarceration. We further note that although the trial court is required to consider the defendant's rehabilitative potential when imposing sentence, this consideration need not outweigh the seriousness of *980 the offense or other aggravating factors. People v. Halstead (1987), 164 Ill.App.3d 1, 8, 115 Ill.Dec. 256, 260, 517 N.E.2d 667, 671.
In the instant case, a review of the record demonstrates that the court believed that defendant's offenses were extremely serious. The court told the defendant the following:
"I believe you are not only an alcoholic, but I believe you are in utter disregard for the authority of the court. * * * It is a miracle you have not killed someone. The only thing the Court can do is take you off the streets for as long as * * * possible.
Perhaps the legislature passes these statutes to the end that people like you will realize that when you have reached the stage that you have with the system, that [sic] you will then seek assistance and seek it with a good heart, a heart that is committed to recovery. * * * [E]ventually, I believe that you will kill someone. * * * That is tragic. I hope you prove me wrong. * * *"
Additionally, the court noted that defendant's incarceration is necessary for the protection of the public and that probation would depreciate the seriousness of defendant's conduct. The court properly considered as factors in aggravation that defendant's conduct threatened serious harm, defendant has a prior history of criminal activity, and the sentence is necessary to deter others from committing the same offenses. (See Ill.Rev.Stat.1991, ch. 38, par. 1005-5-3.2.) Our review of the record indicates that the circuit court properly exercised its discretion in sentencing the defendant to extended-term sentences of six years' imprisonment on each offense, with the sentences to be served concurrently.
For the aforementioned reasons, the judgment of the circuit court is affirmed.
Affirmed.
WILLIAM A. LEWIS and GOLDENHERSH, JJ., concur.