THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL SMITH, a/k/a James Redmond, Defendant-Appellant.

First District (2nd Division)   No. 1—93—0366

Opinion filed December 28, 1993.

Rita A. Fry, Public Defender, of Chicago (Suzanne Isaacson and Karen Tietz, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Michael Golden, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Michael Smith, appeals from his conviction of retail theft, challenging only his eligibility for an extended-term sentence. The issue raised by this appeal is whether the circuit court erred in sentencing defendant to an extended term where the offense already had been upgraded from a misdemeanor to a Class 4 felony.

On August 25, 1992, defendant stole a white T-shirt, valued at $18, from the J.C. Penney store at 7601 South Cicero in Chicago. He was arrested and charged by information with retail theft (720 ILCS 5/16A—3(a) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 16A—3(a))). The information charged the offense as a Class 4 felony, rather than a misdemeanor, because defendant had a 1978 burglary conviction. See 720 ILCS 5/16A—10 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 16A—10).

Following a jury trial, defendant was found guilty as charged. At the sentencing hearing, the State tendered a certified copy of defendant's 1991 conviction for retail theft.[1] The State also referred to a certified copy of defendant's 1978 burglary conviction. The court sentenced defendant to an extended term of four years' imprisonment. (See 730 ILCS 5/5—5—3.2(b)(1) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(1)).) In doing so, the court stated that it "specifically relie[d]" upon the 1991 retail theft conviction and considered "the information contained on the defendant's criminal

[1]The record does not disclose whether this offense was a felony or a misdemeanor.

background" including the 1978 burglary conviction, a 1975 violation of parole following a 1971 robbery conviction, and a 1970 robbery conviction. The court did not specify which conviction qualified defendant for the extended term. Defendant appeals.

Defendant challenges his eligibility for the extended-term sentence. Relying on *People v. Gonzalez* (1992), 151 Ill. 2d 79, 600 N.E.2d 1189, he contends that it was improper for the circuit court to sentence him both (1) as a Class 4 felon and (2) to an extended term, where the offense he was convicted of is normally a misdemeanor. The State correctly counters that defendant waived review of this issue because he did not object at the sentencing hearing or file a motion for reconsideration of his sentence. (See *People v. Gomez* (1993), 247 Ill. App. 3d 68, 70-71, 617 N.E.2d 320.) Nevertheless, as we did in *Gomez*, we elect to address defendant's claim of error on the merits because the supreme court has yet to resolve the division within the appellate courts on this issue. *Gomez*, 247 Ill. App. 3d at 71; see *People v. Lewis* (1992), 235 Ill. App. 3d 1003, 602 N.E.2d 492, *appeal allowed* (1993), 148 Ill. 2d 649, 610 N.E.2d 1271.

Assuming no waiver, the State maintains that the court properly sentenced defendant to an extended term because it used *separate* prior convictions to enhance the offense to a felony and to impose the extended term. Defendant's position is that generally it is improper both to upgrade an offense to a felony and to impose an extended-term sentence where misdemeanor conduct is involved, regardless of whether separate prior convictions are used. We agree with the State.

Defendant was convicted of retail theft of an item valued at less than $150. (720 ILCS 5/16A—3 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 16A—3).) This offense is normally a misdemeanor, punishable by a prison term of less than one year. (720 ILCS 5/16A—10(1) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 16A—10(1)); 730 ILCS 5/5—8—3 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—3).) If, however, the defendant has a prior theft conviction, he or she is guilty of a Class 4 felony, which is punishable by a one- to three-year prison term. (720 ILCS 5/16A—10(2) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 16A—10(2)); 730 ILCS 5/5—8—1(a)(7) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(7)).) Defendant here clearly is guilty of a Class 4 felony because of his 1978 burglary conviction.

In addition, section 5—5—3.2(b)(1) of the Unified Code of Corrections provides that an extended-term sentence may be imposed "upon any offender" who

"is convicted of any felony, after having been previously convicted *** of the same or similar class felony or greater class

felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (730 ILCS 5/5—5—3.2(b)(1) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(1)).)

The extended-term sentence for a Class 4 felony is four to six years' imprisonment. (730 ILCS 5/5—8—2(a)(6) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—2(a)(6)).) In the case at bar, the circuit court sentenced defendant to an extended term of four years' imprisonment, but did not specify which of defendant's prior convictions qualified him for the extended term. The record reveals, however, that defendant was eligible for the extended term based upon his 1991 retail theft conviction.[2]

A chronological review of the case law is necessary. In *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, defendant's 1979 misdemeanor theft conviction for stealing five bottles of whiskey was enhanced to a felony by reason of a 1978 felony theft conviction. (*People v. Gonzalez* (1992), 151 Ill. 2d 79, 88, 600 N.E.2d 1189, citing *Hobbs*, 86 Ill. 2d at 244-46; see Ill. Rev. Stat. 1979, ch. 38, par. 16—1(e) ("A second or subsequent [theft] offense after a conviction of any type of theft *** is a Class 4 felony").) The same prior felony theft conviction was used to impose an extended-term sentence under section 5—5—3.2(b)(1). (*Gonzalez*, 151 Ill. 2d at 88.) The supreme court held it was impermissible to use the *same* prior conviction to enhance the misdemeanor to a felony and to impose an extended-term sentence: doing so violated section 5—5—3.2(b)(1)'s requirement that the felony for which defendant was being sentenced and that upon which the extended term was based be " 'separately brought and tried and arise out of different series of acts.' " *Gonzalez*, 151 Ill. 2d at 88-89, quoting Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1), and *Hobbs*, 86 Ill. 2d at 246.

After *Hobbs*, two lines of cases emerged. One line extended the

---

[2]This conviction must have been at least a Class 4 felony to qualify defendant for the extended term. (See 730 ILCS 5/5—5—3.2(b)(1) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(1)) (requiring the prior conviction to be for the same or greater class felony).) Retail theft, depending upon the factors involved, may constitute a misdemeanor, a Class 4 felony, or a Class 3 felony. (720 ILCS 5/16A—10 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, par. 16A—10).) The record indicates that defendant received an 18-month sentence for the offense, which is consistent only with a Class 4 felony. See 730 ILCS 5/5—8—1(a)(6), (a)(7), 5/5—8—3 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 38, pars. 1005—8—1(a)(6), (a)(7), 1005—8—3).

reasoning in *Hobbs* and held that no extended term could be imposed for conduct which had been enhanced from a misdemeanor to a felony, even where *separate* prior convictions were used. (*People v. Spearman* (3d Dist. 1982), 108 Ill. App. 3d 237, 238-40, 438 N.E.2d 1320, *overruled by People v. Martin* (3d Dist. 1992), 240 Ill. App. 3d 260, 264-65, 606 N.E.2d 1265.) The *Spearman* decision initially was followed by other courts. See *People v. Hurd* (5th Dist. 1989), 190 Ill. App. 3d 800, 803, 546 N.E.2d 1096; *People v. Nally* (2d Dist. 1985), 134 Ill. App. 3d 865, 874-75, 480 N.E.2d 1373; *People v. Grayson* (1st Dist. 1983), 119 Ill. App. 3d 252, 260-62, 456 N.E.2d 664.

The second line of cases rejected *Spearman*'s reasoning and construed *Hobbs* narrowly as applying only where the *same* conviction was used both for enhancement and extended-term sentencing. (*People v. Gonzalez* (1st Dist. 1991), 212 Ill. App. 3d 839, 846-47, 571 N.E.2d 899, *aff'd* (1992), 151 Ill. 2d 79, 600 N.E.2d 1189; *People v. Crosby* (1st Dist., 6th Div. 1990), 204 Ill. App. 3d 548, 551-56, 561 N.E.2d 122; *People v. Roby* (4th Dist. 1988), 172 Ill. App. 3d 1060, 1063-66, 527 N.E.2d 623.) In addition to rejecting *Spearman*'s reasoning, the *Roby* court noted that enhanced misdemeanors were defined by the legislature as felonies; consequently, it determined that a felony conviction, whether pure or an enhanced misdemeanor, could then be used for the imposition of an extended-term sentence. (*Roby*, 172 Ill. App. 3d at 1064-66, citing *People v. Cissna* (1988), 170 Ill. App. 3d 398, 524 N.E.2d 268; see also *People v. Anderson* (4th Dist. 1991), 211 Ill. App. 3d 140, 143, 569 N.E.2d 1178.) Subsequently, the third district overruled its decision in *Spearman* and joined the latter view. *Martin*, 240 Ill. App. 3d at 264-65.

Recently, the supreme court decided *People v. Gonzalez* (1992), 151 Ill. 2d 79, 600 N.E.2d 1189. There, defendant was convicted of unlawful use of a weapon by a felon; an element of that offense is that the defendant has a prior felony conviction. (*Gonzalez*, 151 Ill. 2d at 80, 85.) He was then sentenced to an extended term based upon a *separate* prior felony conviction. (*Gonzalez*, 151 Ill. 2d at 85.) The supreme court ruled this was permissible because no single factor was used both to establish the elements of defendant's crime and to sentence him to an extended term of imprisonment. (*Gonzalez*, 151 Ill. 2d at 85.) The *Gonzalez* court additionally stated that its decision does not conflict with *Hobbs*, as *Hobbs* involved double use of the *same* prior felony conviction. *Gonzalez*, 151 Ill. 2d at 88, citing *Hobbs*, 86 Ill. 2d at 245-46.

Defendant correctly notes that *Gonzalez* did not reach the issue involved here: whether extended-term sentences may be imposed where misdemeanor conduct is first enhanced to a felony. In fact, the

*Gonzalez* court circumvented this issue by rejecting the argument that the offense involved there, unlawful use of a weapon by a felon, was an "upgraded" or "enhanced" version of a misdemeanor offense. *Gonzalez*, 151 Ill. 2d at 86-88.

Since *Gonzalez*, the fifth district has decided *People v. Niemeyer* (5th Dist. 1993), 243 Ill. App. 3d 875, 612 N.E.2d 975. There, defendant was convicted of driving while under the influence of alcohol and driving while license revoked. (*Niemeyer*, 243 Ill. App. 3d at 876.) The offenses, normally misdemeanors, were both enhanced to felonies because of his prior convictions for driving violations. (*Niemeyer*, 243 Ill. App. 3d at 876.) He was then sentenced to two extended terms based upon previous convictions. (*Niemeyer*, 243 Ill. App. 3d at 876.) The court "adopt[ed] the reasoning set forth in the *Gonzalez* opinion that a defendant is eligible for an extended-term sentence as long as the same prior conviction is not used both to enhance his sentence and serve as the basis for an extended-term sentence." (Emphasis omitted.) (*Niemeyer*, 243 Ill. App. 3d at 879.) The *Niemeyer* court noted that its prior decision in *Hurd* (190 Ill. App. 3d 800, 546 N.E.2d 1096) was made without the guidance of the supreme court's decision in *Gonzalez*. (*Niemeyer*, 243 Ill. App. 3d at 879.) The fifth district has thus joined the second line of cases as well.

We join the fifth, third, and fourth districts in holding that extended-term sentencing is proper for misdemeanors upgraded to felonies as long as a separate conviction is utilized for each stage. (*People v. Niemeyer* (5th Dist. 1993), 243 Ill. App. 3d 875, 612 N.E.2d 975; *People v. Martin* (3d Dist. 1992), 240 Ill. App. 3d 260, 606 N.E.2d 1265; *People v. Roby* (4th Dist. 1988), 172 Ill. App. 3d 1060, 527 N.E.2d 623; see also *People v. Anderson* (4th Dist. 1991), 211 Ill. App. 3d 140, 143, 569 N.E.2d 1178 (retail theft of a purse).) In doing so, we note that our prior decision in *Grayson* (119 Ill. App. 3d 252, 456 N.E.2d 664) was made without the guidance of the aforementioned recent decisions.

In the case *sub judice*, separate convictions were utilized to upgrade and then extend defendant's sentence. We find no error and affirm.

Affirmed.

SCARIANO and DiVITO, JJ., concur.